Michael A. ZAMANI, et al., Defendants-cross-claimants—Appellants,

v.

Phillip CARNES, et al., Plaintiffs-cross-defendants—Appellees.

No. 01–15956.

D.C. No. CV–00–20084–RMW(RS).

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 2003.*

Decided March 18, 2003.

Before KOZINSKI, GRABER and BERZON, Circuit Judges.

## MEMORANDUM **

Because the facts are familiar to the parties involved, we recount them only as necessary to explain our decision.

1. We affirm the district court's grant of summary judgment to the Carneses [1] on the claim for negligent misrepresentation. The Zamanis have failed to demonstrate that the Carneses made a "positive assertion" that there was no asbestos in the building. *See Wilson v. Century 21 Great W. Realty*, 15 Cal.App. 4th 298, 306, 18 Cal.Rptr.2d 779 (1993). "An 'implied' assertion or representation is not enough." *Id.*

In *Wilson*, the California Court of Appeal squarely held that when a seller checks the "no" box on a real estate disclosure form when answering "are you aware" questions, the seller has not made a positive assertion about the actual existence of the condition. *Id.* at 306–07, 18 Cal.Rptr.2d 779. The fact that Gene Carnes answered "UNK" and "N/A," as well as "no," in various places on the disclosure form does not lead to a different conclusion than that in *Wilson*.

2. We also affirm the district court's grant of summary judgment on the breach of contract claim. The Zamanis point to the provision of the purchase agreement that states that "Buyer requests of Seller to Disclose any information known to him adverse or friendly." This phrase does not obligate the seller in any way—it is simply a request from the buyer. Even if it did obligate the seller to disclose any information, the information would have to be "known" to the seller. Because the Zamanis have presented no evidence that the Carneses knew about the asbestos, there is no breach of the contract.

The Zamanis also contend that the Carneses breached the contract by violating the implied covenant of good faith and fair dealing. This argument fails because the Zamanis have not shown that the Carneses either knew about the asbestos or negligently misrepresented that they knew there was no asbestos.

3. Finally, we affirm the district court's grant of declaratory relief to the Carneses. Given the "As Is" clause, the Carneses are

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

1. In referring to the Carneses we include the other appellees who do not share the same last name as the Carneses.

not liable for the cost of asbestos remediation on the property. *See Loughrin v. Superior Court,* 15 Cal.App.4th 1188, 1192, 19 Cal.Rptr.2d 161 (1993).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.